UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

BRANDO E. CEDILLO ACEVEDO,

   Petitioner,

  v.

WARDEN OF THE GOLDEN STATE
ANNEX, *et al.*,

   Respondents.

Case No.  1:26-cv-03614  (AMO)

**ORDER RE PETITION FOR WRIT OF
HABEAS CORPUS**

Re: Dkt. Nos. 1, 4

This habeas action concerns the detention of Petitioner Brando Cedillo Acevedo, a noncitizen who has lived in the United States since 2019.  Petitioner is currently being detained without the opportunity for a bond hearing.  This matter is before the Court on Petitioner's writ of habeas corpus and motion for a temporary restraining order.  Dkt. Nos. 1, 4.  For the reasons explained below, the Court GRANTS Petitioner's writ of habeas corpus and resolves his motion for a temporary restraining order as moot.[1]

I. **BACKGROUND**

Petitioner entered the United States on May 1, 2029, and subsequently applied for asylum. *See* Dkt. No. 9-2 at 2.  His application was denied on October 6, 2021, and his appeal of that denial was dismissed by the Board of Immigration Appeals ("BIA") on March 9, 2026.  *See id*. at 2–12; Dkt. No. 9-3 at 1–5.  The deadline to submit a petition for review of the BIA's dismissal with the Ninth Circuit was April 9, 2026. Dkt. No. 9 at 2.

Petitioner was detained to execute his final order of removal on April 29, 2026. *Id*.  He

[1] In setting a briefing schedule on the habeas petition, the Court indicated that it intended to rule on the habeas petition and motion for a temporary restraining order together.  Dkt. No. 8. Petitioner subsequently requested to file an Amended Petition, indicating in his request that he did not object to the Court ruling on the motion and petition together.  *See* Dkt. No. 12.

filed a petition for review of his removal order several days later on May 4, 2026. *Id*. "By operation of General Order 6.4(c), [his] removal was automatically stayed" in light of the pending petition for review. *Id*. Proceeding pro se, Petitioner filed the instant habeas petition on May 11, 2026 challenging his continued detention. Dkt. No. 1. He filed an amended petition on May 22, 2026 in which he argues that his continued detention without any individualized custody review violates 8 U.S.C. §1226(a) and due process. *See* Dkt. No. 15 ¶¶ 45–69.

## II.    LEGAL STANDARD

The Constitution guarantees the availability of the writ of habeas corpus "to every individual detained within the United States." *Hamdi v. Rumsfeld*, 542 U.S. 507, 525 (2004) (citing U.S. Const., art. I, § 9, cl. 2). "The essence of habeas corpus is an attack by a person in custody upon the legality of that custody, and ... the traditional function of the writ is to secure release from illegal custody." *Preiser v. Rodriguez*, 411 U.S. 475, 484 (1973). A writ of habeas corpus may be granted to a petitioner who demonstrates that he is in custody in violation of the Constitution or federal law. 28 U.S.C. § 2241(c)(3). Historically, "the writ of habeas corpus has served as a means of reviewing the legality of Executive detention, and it is in that context that its protections have been strongest." *I.N.S. v. St. Cyr*, 533 U.S. 289, 301 (2001). Accordingly, a district court's habeas jurisdiction includes challenges to immigration detention. *See Zadvydas v. Davis*, 533 U.S. 678, 687 (2001).

## III.   DISCUSSION

The primary dispute between the parties is whether Petitioner may be mandatorily detained under 8 U.S.C. § 1231(a), or if his detention is controlled by 8 U.S.C. § 1226(a) which provides for a bond hearing. In general, under 8 U.S.C. § 1231(a), "when an alien is ordered removed, the Attorney General shall remove the alien from the United States within a period of 90 days," (i.e., the removal period). 8 U.S.C. § 1231(a)(1)(A). The ninety-day removal period begins on the latest of the following:

> (i)    The date the order of removal becomes administratively final.
> (ii)   If the removal order is judicially reviewed and if a court orders a stay of removal of the alien, the date of the court's final order.
> (iii)  If the alien is detained or confined (except under an

United States District Court
Eastern District of California

immigration process), the date the alien is released from detention or confinement.

8 U.S.C. § 1231(a)(1)(B).

Once the removal period starts, the government "shall detain the alien[,]" but if the government cannot remove the non-citizen within the ninety-day window, "the alien, pending removal, shall be [released] subject to supervision under regulations prescribed by the Attorney General."  8 U.S.C. §§ 1231(a)(2)(A), (a)(3); *see also Alva v. Kaiser*, No. 25-CV-06676-RFL, 2025 WL 2419262, at * 3 (N.D. Cal. 2025) (explaining that the default status after the 90-day removal period is release on conditions).  In contrast, "[a] non-citizen who is seemingly detained under 8 U.S.C. § 1231(a) based on a final order of removal—where administrative review is complete, but removal is stayed by the court of appeals pending review of the case—is treated as if detained under 8 U.S.C. § 1226(a)."  *Hernandez-Castro v. Lyons*, No. 1:25-CV-01574 JLT SAB, 2025 WL 3771344, at *9 (E.D. Cal. Dec. 31, 2025) (citing *Prieto-Romero v. Clark*, 534 F.3d 1053 9th Cir. 2008).  The Ninth Circuit made this clear in *Prieto-Romero*, holding that the "Attorney General's statutory authority to detain [a migrant], whose administrative review is complete but whose removal is stayed pending the court of appeals' resolution of his petition for review, must be grounded in § 1226(a)."  *Prieto-Romero*, 534 F.3d at 1058.

Respondents, however, contend that this holding is inapplicable here because Petitioner filed a petition for review of his removal order and a stay was entered *after* he was detained pursuant to 8 U.S.C. § 1231(a). Dkt. No. 9 at 2.  In other words, they contend that since Petitioner had a final order of removal in place that had yet to be appealed and stayed with the Ninth Circuit on the date of his arrest, the detention authority cannot shift back to 8 U.S.C. § 1226(a).  *Id*. at 3.

This argument does not follow from the text of 8 U.S.C. § 1231 or Ninth Circuit precedent. As to the text, when a removal order is "judicially reviewed and [] a court orders a stay of the removal of the alien," "the removal period begins" on "the date of the court's final order." 8 U.S.C. § 1231(a)(1)(B)(ii).  As Petitioner's removal order is currently stayed and under review at the Ninth Circuit, the removal period has not begun, and 8 U.S.C. § 1231(a) does not apply.  The fact that there was an administrative final order prior to Petitioner's appeal and stay of the removal, does not change this.  As the Ninth Circuit already opined, "[w]e consider it unlikely that

United States District Court
Eastern District of California

3

Congress would have intended that DHS's removal efforts begin as soon as an alien's removal order is administratively final, *see* § 1231(a)(1)(B)(i), terminate when this court stays removal, *see* § 1231(a)(1)(B)(ii), and begin anew if and when we finally deny the petition for review." *Prieto-Romero*, 534 F.3d at n.5.  As such, where a petition is under review and a stay of removal is in place, the removal period has not begun.  *Id*.[2]

Respondents further argue that Petitioner's untimely appeal renders detention lawful under 8 U.S.C. § 1231(a)(1)(C).  The statutory text does not support their interpretation. Under § 1231(a)(1)(C),

> The removal period shall be extended beyond a period of 90 days and the alien may remain in detention … if the alien fails or refuses to make timely application in good faith for travel or other documents necessary to the alien's departure or conspires or acts to prevent the alien's removal subject to an order of removal.

Respondents have provided no authority with their invitation for the Court to conclude that filing a late petition for review qualifies as an act of bad faith to prevent removal.  Thus, the Court declines it.  Indeed, *Riley v. Bondi* held that the deadline to file a petition for review is non-jurisdictional, indicating that courts of appeal may still consider the merits of a late appeal under certain circumstances.  *Riley v. Bondi*, 606 U.S. 259, 227 (2025) ("§ 1252's 30-day filing rule is not jurisdictional, but because the Government does not wish to press that ground for dismissal, it does not preclude this case from proceeding on remand").  Missing a deadline, without more, cannot be considered an act of bad faith.

As § 1231(a) does not apply to Petitioner, his detention "must be grounded in § 1226(a)[,]" under which he is entitled to a bond hearing.  *Prieto-Romero*, 534 F.3d 1058.  Accordingly, the Court GRANTS the petition for writ of habeas corpus, and orders as follows:

1.    Respondents are directed to hold a bond hearing under 8 U.S.C. § 1226(a) and its implementing regulations within fourteen (14) days.  Respondents must release Petitioner if a bond hearing is not held within this time frame.

2.    This Order resolves all pending motions.

---

[2] Respondents have not argued that the untimeliness of Petitioner's appeal changes this analysis. As such, the Court need not consider this issue.

3. The Clerk of the Court is directed to close this case and enter judgement for Petitioner.

**IT IS SO ORDERED.**

Dated: July 8, 2026

_____
ARACELI MARTÍNEZ-OLGUÍN
United States District Judge